UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LING-RONG CHEN,

                              Plaintiff,        **MEMORANDUM OF LAW**
                                                **MOTION *IN LIMINE***

v.                                                   6:06-CV-1143
                                                    (NPM/GHL)
THE CITY OF SYRACUSE,
Syracuse Police Officer JOSEPH REILLY, and
Syracuse Police Officer HARRY BURNS, said
Police Officer Defendants sued both individually
And as Police Officers of the City of Syracuse
Police Department,

                                       Defendants.
_____


**MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE***


Dated: May 15, 2009                                           RORY A. McMAHON
                                                                            Corporation Counsel
                                                                            City of Syracuse

                                                                            By: _____s/_____.
                                                                            Mary Anne Doherty, Esq.
                                                                            Assistant Corporation Counsel
                                                                            Bar Roll No. 511188
                                                                            300 City Hall
                                                                            Syracuse, New York 13202
                                                                            Tel: (315) 448-8400
                                                                            Fax: (315) 448-8381

1

# TABLE OF AUTHORITIES

**STATUTES**

FED. R. EVID. 401……………………………………………………………………………

FED. R. EVID. 402……………………………………………………………………………

FED. R. EVID. 403……………………………………………………………………………

FED R. EVID. 404(b)…………………………………………………………………………

**CASES**

Berkovich v. Hicks, 922 F.2d 1018 (2nd Cir. 1991)…………………………………………..

Brown v. City of New York, 60 N.Y.2d 897…………………………………………………

Carter v. District of Columbia, 795 F.2d 116 (D.C. Cir. 1986)……………………………….

D'Arata v. New York Cent. Mut. Fire Ins. Co., 76 N.Y.2d 659………………………………

Hahn v. County of Otsego, 820 F.Supp. 54 (N.D.N.Y. 1993)………………………………..

Hiep v. Clark, 1996 WL 509669 (S.D.N.Y.)…………………………………………………

Illinois v. Andreas, 463 U.S. 765, 103 S.Ct. 3319 (1983)…………………………………….

Jenkins v. City of New York, 478 F.3d 76 (2nd Cir. 2007).............…………………………….

Katt v. New York City Police Dept., 1997 WL 394593 (S.D.N.Y.)………………………….

Nieblas v. Derbyshire, 1996 WL 331086 (E.D.N.Y.)…………………………………………

Peirson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967)………………………………………….

Reyes v. City of New York, 2000 WL 1528239 (S.D.N.Y.)………………………………….

Ricketts v. City of Hartford, 74 F.3d 1397 (2nd Cir. 1996)…………………………………..

Standefer v. United States, 447 U.S. 10, 100 S.Ct. 1999 (1980)……………………………...

Swift v. Mauro, 2008 WL 2704906 (N.D.N.Y.)……………………………………………..

Vukadinovich v. Zentz, 995 F.2d 750 (7th Cir. 1993)……………………………………………..

Whiteley v. Warden, 401 U.S. 560 (1971)…………………………………………………………

**PRELIMINARY STATEMENT**

Plaintiff Ling-Rong Chen ("Plaintiff") has commenced the instant action against Defendant City of Syracuse Police Officers John Reilly, Burns for alleged violations of Plaintiff's federal civil rights. Defendants bring the instant motion *in limine* to preclude the introduction of certain evidence at trial.

**ARGUMENT**

**I.**

**THE COURT SHOULD PRECLUDE THE PLAINTIFF FROM OFFERING INTO EVIDENCE ANY TESTIMONY REGARDING PRIOR CIVILIAN COMPLAINTS, INTERNAL AFFAIRS DIVISION REPORTS, NOTICES OF CLAIMS, OR ANY PRIOR BAD ACTS INVOLVING OFFICERS REILLY AND BURNS SINCE THE ONLY PURPOSE FOR SUCH EVIDENCE IS TO PROVE THAT THE DEFENDANTS ACTED IN CONFORMITY WITH THESE PREVIOUSLY ALLEGED INCIDENTS OF WRONGDOING.**

This Court recently held in Swift v. Mauro, that a plaintiff may not introduce evidence or testimony regarding prior civilian complaints, internal affairs reports or notices of claims, citing three reasons. Swift v. Mauro, 2008 WL 2704906 (N.D.N.Y.). First, any such testimony is not relevant to the issues at trial. Since there was no Monell claim (the parties had stipulated to the dismissal of such claims), the testimony regarding such complaints and reports has no relevance to the case at bar. Second, even if the evidence had been deemed relevant the Court ruled that the testimony was not related to the truthfulness of plaintiff's allegations and that the probative value was slight. Id., citing Berkovich v. Hicks, 922 F.2d 1018, 1022 (2nd Cir. 1991); Hiep v. Clark, 1996 WL 509669 (S.D.N.Y. 1996). Where civil complaints "contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found 'too tenuous to [even] allow for discovery,' " let alone admission at trial. Swift v. Mauro, at *1, quoting Reyes v. City of New York, 2000 WL 1528239, at *1 (S.D.N.Y. 2000), Katt v. New York City Police Dep't., 1997 WL

4

394593, at *3-4 (S.D.N.Y. 1997).Third, the evidence was precluded because there was a danger of unfair prejudice that it posed substantially outweighed the slight probative value. Swift, 2008 WL 2704906 at *1. Although relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…" "[T]o be admissible, [prior complaints against the officers] … must pertain to events similar to the events in the instant case." FED. R. EVID. 403; Swift, 2008 WL 2704906 at *2 (quoting Vukadinovich v. Zentz, 995 F.2d 750, 755-756 (7th Cir. 1993)).

Further, wrongful acts evidence may not be admitted merely to show the defendant's propensity to commit the act in question. Berkovich v. Hicks, 922 F.2d 1018, 1022 (2nd Cir. 1991); FED. R. EVID. 404(b). Rule 404(b) states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident …

Where the purpose of admitting the wrongful acts evidence is to show that defendants have committed other acts similar to the one alleged in the current case, the party proffering the wrongful acts must show that the wrongful acts are "sufficiently similar to the conduct in issue" in this case. Ricketts v. City of Hartford, 74 F.3d 1397, 1414 (2nd Cir. 1996) (quoting U.S. v. Peterson, 808 F.2d 969, 974 (2nd Cir. 1987)). To admit such evidence it must have "unusual characteristics" evidencing a unique pattern. Much more is demanded than the mere repeated commission of acts of the same class. McCormick, Evidence, §190, at 315 (6th Ed.).

Even if the wrongful acts evidence satisfies 404(b), it must still be found admissible under the Rules 402 and 403. FED. R. EVID 403. Evidence is relevant when it tends to make the existence of any fact that is of consequence to the determination of the action more or less

5

probable than it would have been without the evidence. FED. R. EVID. 401. Evidence that is not relevant is inadmissible. FED. R. EVID. 402. Testimony of this nature would be relevant if there were still a Section 1983 Monell claim against the City. The Monell claim was dismissed by Senior United States District Court Judge Neal P. McCurn in his decision granting the Defendants partial summary judgment. None of the remaining causes of action require this testimony to prove elements against the City. Whether the incidents of prior bad acts actually occurred, in no way makes it more or less probable that the Defendants committed the constitutional and common law torts of excessive force, battery, false arrest and unlawful detention and malicious prosecution as alleged in Plaintiff's complaint.

Even assuming *arguendo* that the testimony regarding prior civilian complaints, IAD reports, notices of claim and prior bad acts are relevant, the only reason Plaintiff would offer them into evidence is to prove that Officers Reilly and Burns acted in conformity with the acts alleged in the proffered evidence. To permit Plaintiff to use such evidence would violate FED. R. EVID. 404(b), as stated above.

Such evidence of alleged prior bad acts should also be precluded as its danger of unfair prejudice substantially outweighs its probative value. Evidence of prior civilian complaints, IAD reports, notices of claim, and other alleged bad acts will lead the jury to the impermissible conclusion that based on the prior complaints, reports, notices of claim, and alleged bad acts, the Defendants did commit constitutional and common law torts against the Plaintiff. The jury's finding of liability in this case would be based on what happened in unrelated events rather than what happened on September 23, 2005, which led to Plaintiff's arrest. Similar types of evidence have been ruled by courts to be unfairly prejudicial. See Carter v. District of Columbia, 795 F.2d 116, 131-132 (D.C. Cir. 1986) (district court should not have permitted introduction of

6

complaints and accounts of misconduct contained in defendant's personnel records as its prejudicial effect substantially outweighed its probative value); Vukadinovich, 995 F.2d at 755-756 (upholding lower court's ruling excluding complaints against officers and a departmental investigation report pursuant to FED. R. EVID. 403).

In the case at bar there are no incidents or information that are relevant or would conform to any exceptions of Rule 404(b) of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. When the sole purpose of the other acts evidence is to show some propensity to commit the actions at trial, there is no room for ad hoc balancing. McCormick states "[t]he evidence is then unequivocally inadmissible – this is the meaning of the rule against other acts evidence. McCormick, Evidence, §190 at 317 (6th Ed.). Thus the court should preclude any testimony or evidence related to prior civilian complaints, internal affairs reports, notices of claim, or any other prior bad acts involving Officers Reilly and Burns.

## II.

**THE COURT SHOULD PRECLUDE PLAINTIFF FROM OFFERING INTO EVIDENCE ANY TESTIMONY OR EVIDENCE REGARDING THE ULTIMATE DISPOSITION OF PLAINTIFF'S CRIMINAL CASE, OTHER THAN THE STATEMENT IT WAS A FAVORABLE OUTCOME, BECAUSE IT IS NOT RELEVANT TO THE REMAINING CAUSES OF ACTION IN THE CASE AND ITS PREJUDICIAL EFFECT SUBSTANTIALLY OUTWEIGHS ANY PROBATIVE VALUE IT MAY HAVE.**

As stated previously, evidence is relevant when it tends to make the existence of a fact of consequence "to the determination of the action more or less probable than it would be without the evidence." FED.R. EVID. 401. Evidence is inadmissible if it is not relevant. FED. R. EVID. 402.

Probable cause is a complete defense to a claim of false arrest, false imprisonment or malicious prosecution, even if the charges are later dropped or dismissed. Hahn v. County of Otsego, 820 F.Supp. 54, 58 (N.D.N.Y. 1993). In a claim for false arrest, it is not relevant that the

N/A

underlying criminal charges are dismissed in favor of the plaintiff. See Peirson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218 (1967) (peace officer who arrests someone with probable cause cannot be held liable for false arrest due solely to the fact that suspect was later found not guilty). Therefore, any evidence as to the disposition of Plaintiff's criminal charges is not relevant to the false arrest/false imprisonment cause of action.

Further, the Plaintiff should not be allowed to introduce such evidence because the City of Syracuse, more specifically Officers Reilly and Burns, were not a party to the criminal action and therefore were not availed of a full and fair opportunity to participate in the proceeding. Nieblas v. Derbyshire, 1996 WL 331086 (E.D.N.Y.). During a criminal proceeding the prosecutor does not represent the individual officers in that proceeding nor their interests and therefore the officers should not be bound by a criminal decision in any subsequent civil action. Id., at 3-4. The United States Supreme Court noted "[T]he purpose of a criminal court is not to provide a forum for the ascertainment of private rights. Rather it is to vindicate the public interest in the enforcement of the criminal law while at the same time safeguarding the rights of the individual defendant." Standefer v. United States, 447 U.S. 10, 25, 100 S.Ct. 1999, 2008 (1980).

A non-party to the prior litigation "may be collaterally estopped by a determination in that litigation *only if* he has a relationship with a party to the prior litigation such that his own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation. (emphasis added) D'Arata v. New York Cent. Mut. Fire Ins. Co., 76 N.Y.2d 659, 664 ; see also Brown v. City of New York, 60 N.Y.2d 897; Jenkins v. City of New York, 478 F.3d 76. The New York Court of Appeals has held that the relationship between a municipality and a district attorney is not one of privity. In

Brown, the Court found that "the city and the district attorney are separate entities and … do not stand in sufficient relationship to apply the doctrine [of collateral estoppel]. Brown, 60 N.Y.2d at 898. If the City is not in privity with the State, neither are the City's employees. Jenkins v.City of New York, 478 F.3d 76.

The only evidence of the disposition of the criminal charges admissible in this case is a statement that the outcome was a favorable. The introduction of any other evidence would be to influence the jury to find that the Defendants violated Plaintiff's civil rights based on the fact that Plaintiff was found not guilty in the criminal proceeding. The burden of proof is higher in a criminal case and thus any determination in the criminal proceeding is not relevant in a civil suit. The danger of unfair prejudice for this evidence is substantial as it is likely to cause the jury to base its decision on Defendants' liability on an improper basis.

### III.

**THE COURT SHOULD PRECLUDE PLAINTIFF FROM OFFERING ANY EVIDENCE OR TESTIMONY INTO EVIDENCE OF OFFICER BURNS FOR FALSE ARREST OR FALSE IMPRISONMENT SINCE HE HAD THE IMPUTED KNOWLEDGE OF PROBABLE CAUSE FROM OFFICER REILLY, AND PROBABLE CAUSE IS A COMPLETE DEFENSE TO SUCH CLAIMS.**

An officer who receives into custody a suspect from another officer is afforded the imputed knowledge that such an arrest was valid. Where law enforcement authorities are cooperating in an investigation, knowledge of one is presumed shared by all. Illinois v. Andreas, 463 U.S. 765, 103 S.Ct. 3319 (1983). The argument is that to prevent arresting officers from acting on the assumption that fellow officers who call upon them to make an arrest have probable cause for believing the arrestees are perpetrators of a crime would unduly hamper law enforcement. Whitely v. Warden, 401 U.S. 560, 568 (1971).

9

     In the current case, Officer Burns was called by Officer Reilly to escort the Plaintiff to the police facilities at the airport. Upon arriving at the ticket counter the Plaintiff was already in handcuffs. Officer Burns, through imputed knowledge, is allowed to assume that the arrest was proper. Therefore any testimony or evidence should be precluded as to causes of action involving probable cause against Officer Burns.

## **CONCLUSION**

     WHEREFORE, based upon the foregoing, Defendants respectfully request that the Court grant its motion *in limine*, and for other and further relief as the Court deems just and proper.

Dated: May 15, 2009
       Syracuse, New York

                                               Respectfully Submitted,

                                               RORY A. McMAHON
                                               CORPORATION COUNSEL
                                               OF THE CITY OF SYRACUSE
                                               Attorney for Defendants

                                           By: s/ Mary Anne Doherty          .
                                               Mary Anne Doherty
                                               Assistant Corporation Counsel
                                               Bar Roll No. 511188
                                               300 City Hall
                                               Syracuse, New York 13202
                                               Tel: (315) 448-8400
                                               Fax: (315) 448-8381