

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Ling Rong Chen,

      Plaintiff,

v.           6:06-cv-01143 (NPM/GHL)

City of Syracuse,
Joseph Reilly, and
Henry Burns,

      Defendants.

APPEARANCES        OF COUNSEL

COTE, LIMPERT & VAN DYKE, LLP  JOSEPH S. COTE, III, ESQ.
Attorneys for Plaintiff       M. JOANNE VAN DYKE, ESQ.
214 North State Street
Syracuse, NY 13203

CHARTWELL LAW OFFICES, LLP  JOHN W. WUTZ, ESQ.
Attorney for Plaintiff
1717 Arch Street, Suite 2920
Philadelphia, PA 19103

OFFICE / CORPORATION COUNSEL MARY ANN DOHERTY, ESQ.
Attorneys for Defendants      JAMES P. McGINTY, ESQ.
300 City Hall
233 East Washington Street
Syracuse, NY 13202

NEAL P. McCURN, Senior U.S. District Court Judge

## SUMMARY ORDER

1

A jury trial was held in this case, and on June 8, 2009, a jury returned a verdict for the defendant City of Syracuse and defendants Reilly and Burns. Judgment entered for the defendants on that date. Currently before the court for its review is a bill of costs submitted by the defendants in the total amount of $5,295.00. Included in the itemized total is the sum of $1,298.00 for the "Investigation of Ling Rong Chen background" and for "People search for Erica Johnson and Ling Rong Chen." For the reasons set forth below, these costs for investigative services will be disallowed pursuant to relevant statute and pertinent case law.

The governance for taxation of costs is found in 28 U.S.C.A. § 1920, which states that

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses,

>and costs of special interpretation services under section 1828 of this title.
>
>A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C.A. § 1920 (West 2009).

In accordance with § 1920, courts in this circuit have held that "[t]he actual and reasonable fees of a marshal, sheriff or process server are taxable ... Here, however, the defendants seek to recover the costs associated with their use of a private investigator to locate witnesses and to investigate certain of the plaintiffs' claims. The defendants have not cited, nor am I aware of, any authority which would make such costs taxable. Accordingly, this aspect of their bill of costs is denied. See Genie-Lyn Ltd. v. Del. Marine Operators, Inc., No. Civ. A 00-0050, 2006 WL 42169, at *29 (W.D.La. Jan. 3, 2006) (investigatory expenses in preparation for trial are not taxable as costs); United States v. Adkinson, 256 F.Supp.2d 1297, 1322-23 (N.D.Fla.2003) (private investigative expenses may be recovered as part of attorney's fees under the Equal Access to Justice Act,[1] but are not taxable as costs under Section 1920); Rolex Watch U.S.A., Inc. v. Jones, No. 99 Civ. 2359(DLC)(FM), 2002 WL 596354, at *7 (S.D.N.Y. Apr. 17, 2002) (taxable costs under Section 1920 do not include the

---

[1] The EAJA provides that a party who prevails in a civil action against the United States is entitled to fees incurred during the litigation "unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A). The EAJA is not applicable to the facts of the instant case.

expense of investigators)." <u>Sylvester v. City of New York</u>, 2006 WL 3230152 (S.D.N.Y. 2006).

Some courts in this circuit have looked to the laws of other jurisdictions for <u>Parkinson</u>, cited California law, specifically California Civil Procedure Code § 1032(b), which states in pertinent part that "(b) The following items are not allowable as costs, except when expressly authorized by law: ... (2) Investigation expenses in preparing the case for trial." <u>Clarke</u>, 225 F.Supp.2d 345, 347-48 (S.D.N.Y. 2002). Other courts throughout the country have reached the same determination. "Costs incurred for convenience of party, for purposes of investigation, or simply to aid party in more thorough preparation of case are not recoverable." <u>National Bancard Corp. v. Visa, U.S.A., Inc.</u>, 112 F.R.D. 62 (S.D.Fla.1986).

Accordingly, this court hereby awards the City of Syracuse and the police officer defendants, as prevailing parties, the amount set forth on the submitted bill of costs ($5295.80), less the amount requested for "Investigative Services" ($1,298.00), for total allowable costs of $3,997.80. Pursuant to 28 U.S.C.A § 1920, the Clerk is instructed to include these costs, $3,997.80, in the judgment for the defendants.

SO ORDERED.

June 22, 2009

_/s/ Neal P. McCurn_
Neal P. McCurn, Senior U.S. District Judge